UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MOSHE LAZAR
on behalf of himself and
all other similarly situated consumers

        Plaintiff,

  -against-


FCI LENDER SERVICES, INC.

        Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Moshe Lazar seeks redress for the illegal practices of FCI Lender Services, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. The loan went into default before the Defendant began servicing the said account.

5. Upon information and belief, Defendant's principal place of business is located in Anaheim, California.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## *Allegations Particular to Moshe Lazar*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about September 11, 2015, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Said letter stated in pertinent part as follows: "**Unless you dispute the validity of the Debt or any portion thereof within thirty (30) days after receipt of this Notice, we will assume that the Debt is valid. If you notify us thereof within thirty (30) days after receipt of this Notice that the Debt or any portion thereof is disputed, we will obtain verification of the Debt or a copy of any judgment against you representing the Debt and a copy of such verification or judgment will be mailed to you from our office.**"

13. Said language is in violation of 15 U.S.C. §§ 1692g(a)(4) and 1692g(a)(5) because the letter failed to advise the debtor that to be entitled to a verification of the debt, the request had to be in writing.[1]

---

[1] Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268 (11th Cir. 2016). (Communication sent by a debt collector to a consumer's attorney misstated the law because it omitted the required language that the debtor would be required to dispute her debt "in writing" as required by 15

14. Validation of debts [15 U.S.C. 1692g] states:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (4) a statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; (emphasis added)

15. Defendant's September 11, 2015 letter was in violation of 15 U.S.C. §§ 1692g,

---

U.S.C.S. § 1692g; the debtor therefore stated a claim of false, deceptive, or misleading behavior under 15 U.S.C.S. § 1692e.), Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078, 1082 (9th Cir. 2005). (The court held that the FDCPA "assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing. "The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written 'dispute,' while debtors can trigger the rights under subsections (a)(4) and (a)(5) **only through written dispute."** Id. (emphasis added).), See also Bicking v. Law Offices of Rubenstein & Cogan, 783 F. Supp. 2d 841, 2011 U.S. Dist. LEXIS 48623 (E.D. Va. 2011). (Defendants' failure to include the "in writing" requirement could easily deceive the least sophisticated debtor into believing that oral notice is sufficient, and therefore cause the consumer to forfeit his or her rights under subsections (a)(4) and (5) of Section 1692g. The court also held that the alleged violations of Sections 1692g(a)(4) and (5) therefore also state a claim under § 1692e(10).), Welker v. Law Office of Daniel J. Horwitz, 699 F. Supp. 2d 1164 (S.D. Cal. 2010). (Defendant violated § 1692g(a)(4) and (5) because his dunning letter failed to advise the debtor that to be entitled to a verification of the debt or to obtain the name and address of the original creditor under the request had to be in writing.), Beasley v. Sessoms & Rogers, P.A., No. 5:09-CV-43-D, 2010 U.S. Dist. LEXIS 52010, at *18-19 (E.D.N.C. Mar. 1, 2010). (Omission of the requirement that the consumer request verification in writing violated § 1692g(a). The court rejected defendants' argument that the validation notice ''clearly implies receiving written notification'' and found that the notice violated § 1692g(a)(4).), Nero v. Law Office of Streeter, P.L.L.C., 655 F. Supp. 2d 200, 206 (E.D. N.Y. 2009). ("[T]he validation notice clearly omitted an important term--that the consumer must inform the debt collector in writing to be entitled to verification of the debt [pursuant to sub-section (a)(4)]."), Hernandez v. Guglielmo, 977 F. Supp. 2d 1054 - Dist. Court, D. Nevada 2013 ("(T)he court disagrees that the consumer protection goals were met by defendant because every consumer who disputed the letter, either verbally or in writing, even if outside of the 30-day period, was provided with the verification as required by the Act. The consumer protection goals of effective conveyance of the consumer's rights under the Act, and the assignment of lesser rights to those who orally dispute a debt, whether or not verification is ultimately given, demands highly technical compliance with the "in writing" notification, as opposed to highly technical noncompliance."), Grant-Fletcher v. Mcmullen & Drury, PA, Dist. Court, D. Maryland 2013 ("[T]he Letter would confuse the least sophisticated consumer about whether he or she acquired the statutory protections of § 1692g by disputing the debt."), Osborn v. Ekpsz, LLC, 821 F. Supp. 2d 859, 870, 2011 U.S. Dist. LEXIS 109385 (S.D. Tex. 2011). ("But if the consumer disputes the debt orally rather than in writing, the consumer loses the protections afforded by § 1692g(b); the debt collector is under no obligation to cease all collection efforts and obtain verification of the debt. …Every district court to consider the issue has held that a debt collector violates §1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing."), Carroll v. United Compucred Collections, Inc., No. 1-99-0152, 2002 U.S. Dist. LEXIS 25032, 2002 WL 31936511, at *8-9 (M.D. Tenn. Nov. 15, 2002). (The court held that the debt collector's demand letter contradicted and overshadowed the FDCPA's 30 day validation notice provision in violation of 15 U.S.C. § 1692g(a), that the debt collector failed to inform the debtors that a request of verification must be in writing in violation of 15 U.S.C. § 1692g(a)(4), The court held that the debtors sufficiently established the prerequisites for class certification under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).), Yrok Gee Au Chan v. North Am. Collectors, Inc., No. C 06-0016 JL, 2006 U.S. Dist. LEXIS 13353, 2006 WL 778642, at *6 (N.D. Cal. Mar. 24, 2006). (Finding a violation of the FDCPA where the validation notice "fail[ed] to inform the consumer that he must dispute the debt in writing to preserve his right [under sub-section (a)(4)]" (emphasis in original.)), McCabe v. Crawford & Co., 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003). ("[B]y omitting the words 'in writing,' *Crawford* did not effectively convey to the consumer his rights under [sub-section (a)(4) of] the FDCPA and thus violated the Act." (citation omitted)), Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 217 F. Supp. 2d 336, 340 (E.D. N.Y. 2002). ("Without a statement that [the requests under sub-sections (a)(4) and (a)(5)] must be in writing, the least sophisticated consumer is not simply uncertain of her rights under the statute, she is completely unaware of them." (Internal citation omitted).), Ehrich v. I.C. Sys., 2010 U.S. Dist. LEXIS 4367 *18-19 (E.D.N.Y. Jan. 20, 2010). (Oral requests by consumers do not protect their rights under the FDCPA.), DeCapri v. Law Offices of Shaprio Brown & Alt, LLP, Civil Action No. 3: 14cv201-HEH (E.D. Va. Sept. 19, 2014). (As far as this Court can tell, those courts that have confronted the issue have held that a debt collector's failure to include the "in writing" requirement violates subsection (a)(4) of section 1692g.), Spira v. Consiglio, Parisi & Allen, 2001 U.S. Dist. LEXIS 24497, *8-9 (E.D.N.Y. Jan. 3, 2001). (Collection letter violated FDCPA by omitting a statement that consumer notify the collector in writing in order to have verification of debt the court stated additionally "[The debt collector] argues that making this suggestion and providing this information does not create uncertainty regarding the consumer's rights under the FDCPA, but rather demonstrates its intent to provide the consumer with an additional and, perhaps, more accessible option for resolving this dispute. The court sympathizes with [The debt collectors] argument and, moreover, assumes for these purposes that its intentions were laudable. The FDCPA, however, is a strict liability statute, and a violation can occur regardless of a collector's best intentions.")

1692g(a), 1692g(a)(4) and 1692g(a)(5) of the FDCPA.[2]

16. Plaintiff was deprived proper notice of his FDCPA validation rights. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

17. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications. Defendant violated Plaintiff's right to truthful and fair debt collection. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's debt.

18. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

19. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

20. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

21. The said letter was further deceptive and misleading as it merely identified the "total amount of the Debt," yet failed to disclose that the balance may increase due to interest

---

[2] See Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268 (11th Cir. 2016). ("We hold that the communication alleged in this case states a claim for "false, deceptive, or misleading" behavior under § 1692e. Neither the "competent lawyer" nor the "least sophisticated consumer" could be said to have notice of the "in writing" requirement after receiving a letter like the one alleged... We emphasize the fact-specific nature of this holding. The "initial communication" alleged in this case states a claim under § 1692e because it misstates the law, omits a material term required by § 1692g(a), and misrepresents consumer rights under the FDCPA. See 15 U.S.C. § 1692g.")

and fees.

22. The Plaintiff was left uncertain as to whether the "total amount of the Debt" was accruing interest as there was no disclosure that indicated otherwise.

23. A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

24. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "total amount of the Debt" stated on the notice will not know whether the debt has been paid in full.

25. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

26. The statement of a "total amount of the Debt," without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

27. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

28. Collection notices that state only the "total amount of the Debt," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning

of Section 1692e.

29. The Plaintiff and the least sophisticated consumer would be led to believe that the "total amount of the Debt" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

30. A consumer who pays the "total amount of the Debt" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

31. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

32. A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

33. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

34. The said letter is a standardized form letter.

35. Upon information and belief, the Defendant's collection letters, such as the said collection letter, number in the hundreds.

36. Defendant's September 11, 2015 letter is in violation of 15 U.S.C. §§ 1692e,

1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

37. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

38. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

39. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

40. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

41. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

42. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

43. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

44. These deceptive communications additionally violated the FDCPA since they frustrate

the consumer's ability to intelligently choose his or her response.

45. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

46. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty five (45) as if set forth fully in this cause of action.

47. This cause of action is brought on behalf of Plaintiff and the members of two classes.

48. Class A consists of all persons whom Defendants' records reflect resided in the State of New York and (a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 11, 2015; (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Westvue NPL Trust II; and (c) the collection letter was not returned by the postal service as undelivered; (d) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692g, 1692g(a), 1692g(a)(4) and 1692g(a)(5).

49. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 11, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Westvue NPL Trust II; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of

15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

50. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

51. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally

unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

52. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

53. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

54. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

55. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September 8, 2016

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

**FCI** Lender Services, Inc.
Loan Servicing • Specialty Servicing • Default
(714) 282-2424   (800) 931-2424   Fax: (714) 282-5775

September 11, 2015

Via first class mail and sent in separate envelopes:

MOSHE LAZAR
157 19TH STREET
BROOKLYN, NY 11232
          -AND-
642 EMPIRE BLVD.
BROOKLYN, NY 11213

## NOTICE OF DEFAULT

Re:  MOSHE LAZAR
Loan # _____068
Property Address: 157 19TH STREET, BROOKLYN, NEW YORK 11232

AVISO IMPORTANTE PARA PERSONAS DE HABLE HISPANA: Esta notificacion es de suma importancia. Puede afectar su derecho a continuar viviendo en su casa. Si no entiende el contenido, obtenga una traduccion inmediatamente.

Dear Borrower(s):

This letter is formal notice by FCI Lender Services, Inc., as Servicer for WESTVUE NPL TRUST II that you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Mortgage ("Security Instrument").  You are in default for failure to pay amounts due.

As of September 11, 2015, the following sums are in arrears good through October 11, 2015

| | |
|---|---:|
| Past Due Amount | $429,580.16 |
| Late Charges | $1,782.45 |
| Total Arrears | $431,362.61 |

On or before October 11, 2015, you must submit payment by bank check, money order, or certified funds of the total arrears to FCI Lender Services, Inc. Any payment(s) and late charges(s) that comes due in the interim must also be included.

---

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR
AND IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
FCI • P.O. Box 27370 • Anaheim • California 92808-0112 • NMLS# 4920 • www.trustfci.com

FCI Lender Services, Inc.

Loan Servicing • Specialty Servicing • Default

(714) 282-2424   (800) 931-2424   Fax: (714) 282-5775

Failure to correct the default by October 11, 2015 will result in acceleration of your loan. Upon acceleration, the total amount of the debt will be immediately due and payable without further demand and a lawsuit to foreclose the mortgage may be commenced. In foreclosure proceedings, we are entitled to collect the total debt in addition to any expenses and costs of the foreclosure including but not limited to reasonable attorneys' fees, where so provided by the terms of the mortgage. If your loan has already been accelerated and foreclosure proceedings already begun, we will continue the foreclosure where possible. Creditor or another person may acquire the Property by means of foreclosure and sale. You have the right to assert in court of the non-existence of a default, that you kept your promises and agreement under the mortgage and note or any other defense. After acceleration of the debt, but prior to the foreclosure sale, you may have the right to reinstate the mortgage loan, by payment of all sums due as if immediate payment in full had not been required and to have the lawsuit discontinued, depending on the terms of the note and mortgage. We encourage you to review the provisions of the note and mortgage.

IMPORTANT NOTICE TO SERVICEMEMBER AND THEIR DEPENDENTS
If you are a service member who is, or recently was, on "active duty" or "active service", or a dependent of such a service member, you may be entitled to certain legal rights and protections, including protection from foreclosure or eviction, pursuant to the Service member Civil Relief Act (50 USC App. §§501-596), as amended (the SCRA) and possibly, certain similar state statutes. If you believe you may be entitled to rights and protections under SCRA, please contact consumer finance customer service at 1-800-708-6680.

**NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT**

1.      The total amount of the Debt: **$1,336,513.94. Remaining principal balance good through October 11, 2015 is $963,163.95 plus unpaid accrued interest of $363,130.61, total late charges of $10,219.38.**

2.      The originating creditor of your loan is **METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A.**

3.      Name of the servicer to who the Debit is owed: **FCI LENDER SERVICES, INC., as servicer for WESTVUE NPL TRUST II.**

4.       Unless you dispute the validity of the Debt or any portion thereof within thirty (30) days after receipt of this Notice, we will assume that the Debt is valid.

5.      If you notify us within thirty (30) days after receipt of this Notice that the Debt or any portion thereof is disputed, we will obtain verification of the Debt or a copy of any judgment against you representing the Debt and a copy of such verification or judgment will be mailed to you from our office.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR
AND IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
FCI • P.O. Box 27370 • Anaheim • California 92808-0112 • NMLS# 4920 • www.trustfci.com



FCI Lender Services, Inc.
Loan Servicing • Specialty Servicing • Default
(714) 282-2424   (800) 931-2424   Fax: (714) 282-5775

6. Upon request in writing within thirty (30) days after receipt of this Notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

In the event that there is a manufactured house on the subject premises, should you be unable to bring your account current within thirty (30) days, it is hereby demanded that you turn same over to the Servicer.

Failure to bring the loan current or turn over the referenced manufactured home within thirty (30) days will be deemed a refusal to comply with the terms of this demand.

All communication about this matter must be made through FCI Lender Services, Inc., except those specified in this letter.

All payments must be made in **certified funds, cashier's check or money order(s)** payable to and mailed to FCI Lender Services, Inc., P.O. Box 27370, Anaheim, CA 92809, Phone Number is (800) 931-2424. If you are unable to bring your account current, you are urged to call FCI Lender Services, Inc., immediately to discuss possible alternatives to foreclosure.

Very Truly Yours,

FCI LENDER SERVICES, INC
as servicer for WESTVUE NPL TRUST

PAYMENT REMITTANCE INFORMATION
ALWAYS INCLUDE LOAN # [____]068 WITH YOUR PAYMENT

---

THIS COMMUNICATION IS FROM A DEBT COLLECTOR
AND IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
FCI • P.O. Box 27370 • Anaheim • California 92808-0112 • NMLS# 4920 • www.trustfci.com