**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

735 Central Avenue
Woodmere, New York 11598

Telephone  516 668 6945
fishbeinadamj@gmail.com

September 30, 2016

**VIA ECF**
The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   **Lazar v. FCI**
      **16 CV 4987 (AMD) (RER)**

Dear Judge Donnelly:

I represent the plaintiff in the above matter.  On September 8, 2016 Your Honor issued an Order to Show Cause stating: "The complaint does not appear to allege that the plaintiff disputed the validity of the debt, whether in writing or otherwise, after receiving the September 11, 2015 collection letter. Nor does the plaintiff claim that interest actually accrued after the notice of default issued. In light of this, the plaintiff is to show cause by October 7, 2016 why this case should not be dismissed for failure to state a claim."

The Second Circuit has addressed validation notices in violation of 1692g on many occasions and has never imposed any condition precedent (i.e. disputing a debt either orally or in writing) before filing a lawsuit for a validation notice that is in violation of the FDCPA. See Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282 (2d Cir. 2013) Hart v. FCI Lender Servs., 797 F.3d 219, 220 (2d Cir. 2015) Avila v. Riexinger & Assocs., LLC, 817 F.3d 72 (2d Cir. 2016) Ellis v. Solomon & Solomon, P.C., 591 F.3d 130 (2d Cir. 2010)

In Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 91 (2d Cir. 2008) the Second Circuit specifically addressed a validation notice that misrepresented to the consumer his 1692g validation rights and found that it is not necessary for a plaintiff to show that she herself was confused or disputed the debt as a condition precedent to filling or prevailing on a claim for a collection letter that is in violation of 1962g.  The Second Circuit explicitly stated:

> "In order to prevail, it is not necessary for a plaintiff to show that she
> herself was confused by the communication she received; it is sufficient
> for a plaintiff to demonstrate that the least sophisticated consumer would
> be confused. In this way, the FDCPA enlists the efforts of sophisticated
> consumers like [Plaintiff] as "private attorneys general" to aid their less

> sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 91 (2d Cir. 2008)

See also Russell v. Absolute Collection Servs., 763 F.3d 385, 393 (4th Cir. 2014)

> "To require debtors to dispute their debts under § 1692g before bringing suit, absent an explicit statutory directive requiring them to undertake such action, would frustrate debtors' abilities to vindicate their statutory rights and "undermine the FDCPA's protection of unsophisticated debtors, who would have no reason to suspect that they would be prevented from filing suit concerning deceptive communications as a consequence of failing to invoke the optional statutory validation procedure."

The sound reasoning for this policy is evident in this case: Plaintiff had no reason to know about disputing the validity of the debt in writing within the first thirty days of receiving the initial collection letter. The plaintiff could not have known he must dispute the validity of the debt in writing since this is the precise violation of the FDCPA about which the plaintiff complains in his complaint, namely being deprived of his FDCPA dispute rights. The September 11, 2015 collection letter failed to mention the in-writing dispute requirement in violation of the FDCPA.

To the extent that the Court was referring to the risk of harm to the plaintiff when the court stated "The complaint does not appear to allege that the plaintiff disputed the validity of the debt, whether in writing or otherwise, after receiving the September 11, 2015 collection letter" This too has just been addressed in an identical case See. Macy v. Gc Servs., Civil Action No. 3:15-cv-819-DJH, 2016 U.S. Dist. LEXIS 134421, at *8-9 (W.D. Ky. Sep. 29, 2016)

> "The risk to be measured in this case, then, is the risk that a consumer will waive FDCPA protections by disputing a debt orally instead of in writing. This risk is substantial: "[I]f a consumer contests a debt by telephone rather than in writing, the consumer will inadvertently lose the protections for debtors set forth in the FDCPA; the debt collection agency would be under no obligation to verify the debt and cease all collection efforts as required by § 1692g(b)." It does not matter whether such a waiver actually occurred; rather, for purposes of § 1692g(a), the relevant question is whether the letter "effectively conveys a notice of rights to the least sophisticated debtor." Under these standards, the Court finds Plaintiffs' complaint to be sufficient. "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating'" that the injury-in-fact requirement is met. Here, [plaintiffs] allege that [the debt collector] violated subsections (a)(4) and (5) by sending them notices that failed to mention the in-writing requirement. As a result of this omission, they claim, the least sophisticated debtor might make an oral request instead, thereby waiving the protections of subsection (b). The complaint thus adequately alleges injury in fact, and plaintiffs have standing to pursue their claims." (citations omitted)

On September 30, 2016 the plaintiff filed an amended complaint as of right which now

clearly alleges that "after the notice of default was sent to the Plaintiff, interest continued to accrue on the said account" (See Amended Complaint paragraph 24-25) See. *Avila v. Riexinger & Assocs., LLC,* 817 F.3d 72, 76 (2d Cir. 2016)

In light of the forgoing, plaintiff contends that according to Second Circuit precedent, plaintiff's amended complaint states a claim and should not be dismissed,

Thank you for the Court's consideration of the foregoing.


Yours faithfully,

/s/
Adam J. Fishbein