**Peter T. Roach & Associates, P.C.**
Attorneys at Law
6901 Jericho Turnpike, Suite 240
Syosset, NY  11791
_____
Telephone (516) 938-3100
Facsimile (516) 931-4403
www.roachlawfirm.com

November 2, 2016

<u>**VIA ECF**</u>

Hon. Ann Donnelly, U.S.D.J.
U.S. District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom: 4G | Chambers: N 415

**Re:**         **Lazar v. FCI Lender Services, Inc.,**
**Case No.:**   16 CV 4987

Honorable and Dear Judge Donnelly:

This firm represents the Defendant FCI Lender Services, Inc. ("FCI") in this action.  Waiver of Service of the Summons and Complaint requiring service of a responsive pleading within sixty (60) days of September 8, 2016 was served upon Plaintiff's counsel and docketed herein.  Therefore this request for a motion conference is timely pursuant to Rule 12 and the Court's motion practice rules.

Plaintiff brings the within action pursuant to 15 U.S.C. §1692 et. seq. (the Fair Debt Collection Practices Act – FDCPA).  Plaintiff alleges that the debt which FCI sought to collect qualified as a "consumer debt" under the FDCPA.  Plaintiff also alleges that a demand letter sent by FCI to him violated certain provisions of the FDCPA entitling Plaintiff to damages.  See Complaint filed herein.

Defendant requests permission to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a cause of action.

The Complaint does not describe what particulars, if any, of the debt at issue make it a "consumer debt" as defined by 15 U.S.C. 1692(a)(5).  Defendant merely recites the statutory definition of a "consumer debt" and makes a bald allegation that the debt at issue qualifies as such.  It has been held that not all obligations to pay are "consumer debts" subject to the FDCPA, and whether a debt qualifies as a "consumer debt" under the FDCPA must be determined on a case by case basis looking at all relevant factors.  *Hansen v. Ticket Track, Inc.*, 280 F.Supp2d. 1196 (W.D. Wash 2003).

Moreover, a complaint which does not contain "any factual allegations regarding Plaintiff's alleged debt" enabling the Court to determine that the debt is one defined by the FDCPA as a "consumer debt" is insufficient to entitle Plaintiff to a judgment. *Kennedy v. National Asset & Risk Management, LLC*, 2013 U.S. Dist. LEXIS 141626 (M.D. FLA 2013). If such a deficient complaint is insufficient to grant a judgment it is certainly subject to dismissal on Plaintiff's motion to dismiss. See, *Scarola Malone & Zubatov LLP v. Verizon Communs., Inc*., 2015 U.S. Dist. LEXIS 82053, 2015 WL 3884211 (S.D.N.Y. 2015)

Plaintiff will not be able to cure the defect in the Complaint because the debt at issue was in fact not a "consumer debt" under the FDCPA. The debt at issue arose from a mortgage transaction in July 2009 wherein the Plaintiff borrowed $965,000 in order to purchase a multi-family residential building in Brooklyn, NY ("the Premises"). While the Plaintiff executed a Note and Mortgage and took title to the premises in his name at the time of the closing, in December 2010 Plaintiff conveyed title to the Premises to a limited liability company - WF CDS Magna TR II LLC ("LLC") whose status and organization is highly suspect[1].

The closing documents from 2009, the deed transfer documents transferring the Premises to the LLC in 2010 and all other relevant documents indicate that Plaintiff has never resided at the Premises. The Premises were used first by Plaintiff and now by the LLC (which may be a shill for the Plaintiff) as income producing property. When determining if a loan was for personal or commercial purposes, the Court should pay close attention to the purpose of the loan. *Scarola Malone & Zubatov LLP v. Verizon Communs., Inc*., 2015 U.S. Dist. LEXIS 82053, 2015 WL 3884211 (S.D.N.Y. 2015); see also, *Bloom v. I.C. Systems, Inc*. 972 F2d 1067 (9th Cir. 1992). As it is clear that the Premises were never used "primarily for personal, family or household purposes" of the Plaintiff, the debt incurred to obtain the funds necessary for the purchase thereof could not have been incurred for any of those purposes either.

Based upon the above cited authority, the Complaint must allege particulars sufficient to allow the Court to determine from the face of the Complaint that the debt at issue is a "consumer debt." The Complaint herein does not accomplish that, and based upon the facts presented to the Court herein, Plaintiff will never be able to do so. Therefore the Complaint is subject to dismissal. That Defendant issued a letter containing FDCPA language and notices for a debt that was not subject to the FDCPA does not give rise to a cause of action under the FDCPA. Allowing this action to continue when the Plaintiff will not be able to demonstrate any set of facts entitling him to the relief sought serves no purpose.

Defendant therefore respectfully requests permission to move as set forth herein.

Respectfully yours,

*Michael C. Manniello*
Writer's ext. 336

Cc:     All Parties (via ECF)

---

[1] A search of the New York Department of State records does not reveal any such company organized or registered in New York State.